JUANA RAMOS, as mother with *patria potestas,* etc., Plaintiff and Appellee, *v.* ISABEL RAMOS, as heir, etc., Defendant and Appellant.

No. 6729. Argued March 13, 1935.—Decided March 27, 1935.

*José C.* and *José I. Aponte* for appellant. *A. Porrata Doria* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Defendant appeals from a judgment for plaintiff in a filiation suit. She says that the district court erred in overruling a motion to dismiss the action. The motion to dismiss was filed July 12, 1933. The district court had sustained a demurrer to the original complaint with leave to amend. Plaintiff had not filed her amended complaint within the time allowed for that purpose and this omission was the sole ground of the motion to dismiss. The amended complaint was filed July 15. Defendant, on July 19th, filed a demurrer to the amended complaint. On September 20th, the district court overruled the demurrer and gave defendant ten days in which to answer. Defendant answered September 26th. The case came on to be heard February 13, 1934, and both parties announced that they were ready for trial. There is nothing to show that defendant had brought

her motion to the attention of the district judge. His failure to discover and dispose of the apparently abandoned motion was not reversible error.

■ The second assignment is that the district court erred in overruling the demurrer to the amended complaint. The gist of the argument is that the amended complaint did not allege that "the child was born while his parents were engaged to be married." Here appellant relies on *Medina* v. *Heirs of Bird,* 30 P.R.R. 151. In that case this court was construing section 189 of the Civil Code as it stood in 1903. Plaintiff herein was born in 1912. The statutory requirement at that time was that "the mother was known to have lived in concubinage with the father, both during her pregnancy and at the time of the birth of the child." (Comp. Stat. 1911, Section 3263.) Hence, it was not necessary to allege that plaintiff "was born while his parents were engaged to be married." Even otherwise, the error viewed in the light of subsequent events, would have been harmless because the trial judge did not base his judgment on the alleged concubinage but on other grounds.

■ The third assignment is that the district court erred in rendering judgment for plaintiff because such judgment is contrary to the law and the evidence. Aside from the question of concubinage, which as we have already shown was practically eliminated by the trial judge, the argument goes to the sufficiency of the evidence and to the weighing thereof. As usual in such cases there was considerable conflict in the testimony but we cannot agree with appellant that the evidence for plaintiff was insufficient to sustain the judgment and we find no manifest error in the weighing of the evidence.

■ The fourth assignment goes to the question of costs. In view of the doctrine heretofore established by this court, especially in the earlier cases as to the strength of the showing required in filiation suits, in view of the doctrine as to the nature of the proof required in order to establish con-

cubinage laid down by this Court in *Medina* v. *Heirs of Bird, supra,* and *Gerena* v. *Suau,* 36 P.R.R. 151, and of the doubt expressed by the district judge as to the sufficiency of the proof to meet the demands of that doctrine, we are inclined to think that attorney's fees should have been excluded from the costs. Beyond this we find no abuse of discretion in the award as made.

The judgment appealed from will be modified and, as modified, affirmed.